Opinion issued August 25, 2008










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00735-CV

____________


IN RE SENIOR LIVING PROPERTIES, L.L.C. AND

HOSPITALITY HEALTHCARE SERVICES, L.L.C., Relators






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION Relators, Senior Living Properties, L.L.C. and Hospitality Healthcare Services,
L.L.C., filed a petition for a writ of mandamus challenging Judge Cain's July
24, 2006 order denying relator's motion to compel arbitration. (1) The underlying case
is an employment dispute between the relators and the real party in interest, Margaret
Lea Cannon. The parties have stipulated that Cannon was an at-will employee, that
she signed the arbitration agreement, and that the arbitration agreement is subject to
the Federal Arbitration Act. 9 U.S.C. §§ 1-16 (2000).

 The dispute centers over the following language in the arbitration agreement:
"The terms of this Agreement may not be altered, amended, or modified except by the
Chief Operating Officer of Senior Living Properties. Senior Living Properties LLC
reserves the right to alter, amend, eliminate, or modify this agreement prior to the
initiation of any proceeding controlled or falling under the terms of this Agreement." 
Judge Cain denied the motion to compel on the basis that the arbitration agreement
was illusory and lacked mutuality because Senior Living could unilaterally avoid
arbitration after a cause of action accrued, as long as it altered the agreement before
the "initiation of any proceeding." See In re Palm Harbor Homes, Inc.,
195 S.W.3d 672, 677 (Tex. 2006) (arbitration agreement may be illusory if party can
unilaterally avoid agreement to arbitrate). 

 We deny the petition for a writ of mandamus.


PER CURIAM

Panel consists of Justice Nuchia, Jennings, and Keyes.
1.